United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GUILLERMO DAMIAN,

    Plaintiff,

    v.

NORTHERN NEON OPERATIONS, LLC, et al.,

    Defendants.
_____/

No. C 11-06416 DMR

**ORDER GRANTING MOTION TO DISMISS**

This matter comes before the court on the Motion to Dismiss ("Mot.") filed by Defendants Northern Neon Operations, LLC ("NNO"), Giles E. Imrie, and Seiler Epstein Ziegler & Applegate LLP. The court conducted a hearing on April 12, 2012, at which Defendants appeared through counsel. Plaintiff Guillermo Damian did not appear at the hearing. For the reasons set forth below, the court hereby GRANTS Defendants' Motion to Dismiss.

## I. BACKGROUND

On March 8, 2005, Plaintiff Guillermo Damian executed a promissory note in the amount of $328,000.00, in favor of Long Beach Mortgage Company, which was secured by a deed of trust on real property located at 2160 El Lago Drive in Oakley, California ("the property"). Compl., Ex. A ("Deed of Trust"). According to the allegations of the complaint and attachments thereto, the loan servicing was assumed by Washington Mutual, Inc., which filed for bankruptcy in 2008, then by JP

Morgan Chase Bank, NA. Compl. ¶ 4, Exs. B and C. Damian alleges, however, that no assignment from Long Beach Mortgage Company to JP Morgan Chase Bank was ever recorded. Compl. ¶ 14.

Defendant NNO represents that it purchased the property at a non-judicial foreclosure sale on June 27, 2011. Mot. at 2-3. NNO further represents that it hired Defendants Giles Imrie and the law firm Seiler Epstein Ziegler & Applegate LLP to recover possession of the property after Damian refused to vacate the property. Mot. at 3. As alleged in the complaint, NNO and its attorneys filed an unlawful detainer action on July 6, 2011, in the Pittsburg Superior Court, Contra Costa County. Compl. ¶ 4, Ex. E. As NNO set forth in its complaint for unlawful detainer in state court, NNO caused a Three Day Notice to Quit Premises to be served on Damian on June 29, 2011, entitling NNO to possession of the property after July 2, 2011. RJN, Ex. 1.

Damian removed NNO's unlawful detainer action to the District Court on August 17, 2011. By order entered September 28, 2011, Judge Chen granted NNO's motion to remand that proceeding. *See Northern Neon Operations, LLC v. Guillermo Damian*, Case No. 11-4020 EMC slip op. (N.D. Cal. Sept. 28, 2011). The Superior Court entered judgment for NNO, after court trial, on October 7, 2011. RJN, Ex. 2.

Damian filed a petition for bankruptcy on October 7, 2011, and alleges that he presented proof of his bankruptcy proceeding at the unlawful detainer trial in Superior Court and was told that the "[order] for Relief under bankruptcy [for automatic stay] was not valid." Compl. ¶ 4. On October 18, 2011, NNO filed a motion for relief from the automatic stay in the Bankruptcy Court, which granted the motion by order entered November 22, 2011. RJN, Ex. 4 (*In re Damian*, Case No. 11-70735, slip op. (Bankr. N.D. Cal. Nov. 22, 2011)).

NNO obtained a writ of possession for the property on November 1, 2011, RJN, Ex. 3, and represents that Damian and his family were evicted soon thereafter. Mot. at 3.

Damian, appearing *pro se*, filed this action on December 19, 2011, against NNO and its attorneys, alleging claims for violation of his civil rights protected under 42 U.S.C. § 1983 and violation of the Fair Debt Collection Practices Act, as well as several state law claims. Defendants now move to dismiss the complaint. Damian did not file an opposition to the instant motion. On March 12, 2012, the court issued an order to show cause for Damian's failure to file a timely

2

opposition to the motion to dismiss. Doc. no. 28. Damian did not file a response to the order to show cause.

At the hearing on the motion to dismiss, the court noted that the record contains a letter to Damian from Chase, dated September 19, 2011, in which Chase notified Damian that his account was due for the April 2008 payment and subsequent charges and payments, and that Damian was in foreclosure status. Compl., Ex. B. The September 19, 2011 letter states "no sale date has been scheduled," yet Defendant NNO represents that it purchased the property at a non-judicial foreclosure sale on June 27, 2011. The court instructed defense counsel to submit documentation to clarify the chain of title as to the property. Defendants timely filed their supplemental request for judicial notice on April 19, 2012, attaching copies of documents recorded in the Contra Costa County Recorder's Office. Doc. no. 33. The court takes judicial notice of these recorded documents, which demonstrate that Damian executed the note, secured by the property, on March 8, 2005, and that the Deed of Trust naming Long Beach Mortgage Company as the lender, beneficiary and trustee was recorded March 15, 2005; that Washington Mutual Bank, as successor in interest to Long Beach Mortgage Company, executed an Assignment of Deed of Trust to Deutsche Bank National Trust Company, dated August 29, 2008 and recorded September 2, 2008; that Deutsche Bank National Trust Company substituted California Reconveyance Company as the trustee by Substitution of Trustee dated August 29, 2008 and recorded September 2, 2008; that California Reconveyance Company, as trustee, sold the property to NNO as reflected in the Trustee's Deed Upon Sale dated June 30, 2011 and recorded July 15, 2011; and that the Contra Costa Superior Court entered judgment after court trial for NNO on October 7, 2011, entitling NNO to possession of the property. Doc. no. 33, Exs. 1-5.

**II.  DISCUSSION**

    **A.  Legal Standard**

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per

curiam) (citation omitted), and may dismiss the case "only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citation and quotation marks omitted). When a complaint presents a cognizable legal theory, the court may grant the motion if the complaint lacks "sufficient factual matter to state a facially plausible claim to relief." *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009)). A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citation omitted). Federal courts have a duty to construe *pro se* complaints liberally. *See Bernhardt v. Los Angeles Co.*, 339 F.3d 920, 925 (9th Cir. 2003).

"[A] court may take judicial notice of 'matters of public record,'" *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (citing *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)), and may also consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading" without converting a motion to dismiss under Rule 12(b)(6) into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). "The district court will not accept as true pleading allegations that are contradicted by facts that can be judicially noticed or by other allegations or exhibits attached to or incorporated in the pleading." 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1363 (3d ed. 2004).

Federal Rule of Civil Procedure 15(a) establishes that leave to amend "shall be freely given when justice so requires." In general, valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.,* 368 F.3d 1053, 1061 (9th Cir. 2004).

**B.     Analysis**

Damian's complaint asserts two claims under federal law and several claims under state law. The federal claims fail to state a facially plausible claim for relief and are therefore dismissed. Further, the remaining state law claims are dismissed for lack of subject matter jurisdiction.

4

### 1. Claims Under Federal Law

The complaint alleges a claim under 42 U.S.C. § 1983 for deprivation of property without due process of law in violation of Damian's rights under the Fifth and Fourteenth Amendments. Damian alleges that the mortgage and note on the property, signed on March 8, 2005, were "part of a pooling and servicing agreement whereby investors purchased the mortgage and note from WELLS FARGO HOME MORTGAGE; FIRST AMERICAN TRUSTEE SERVICING SOLUTIONS, LLC; SHBC BANK, USA NATIONAL ASSOCIATION AS TRUSTEE FOR WELLS FARGO ASSET SECURITIES CORPORATION, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-8." Compl. ¶ 6. Damian further alleges that the mortgage backed securities "do not have the proper assignment documentation [and] even if they did have this documentation they could not bring forward the indorsed [sic] note because the trust that created the investment fund is a REMIC or "real Estate Mortgage Investment Conduit," that no assignment from Long Beach Mortgage Company to Chase was ever recorded, and that NNO therefore could not have legally purchased the property at the trustee's sale.[1] Compl. ¶¶ 7, 14. Damian alleges that Defendants NNO and its attorneys violated his right to due process "by presenting themselves as a party who has a right to file an unlawful detainer [action and] use the Contra Costa County Sheriff to conduct an illegal lockout of our home." Compl. ¶ 18.

Even taken as true, the allegations of the complaint fail to state a claim under Section 1983 because Defendants are not state actors. To state a claim under Section 1983, a plaintiff must show two essential elements: (1) that the defendants acted under color of state law; and (2) that the

---

[1] Although not dispositive of the issues presented in Defendants' motion to dismiss, numerous courts have recognized that a bank does not invalidate its ability to enforce the terms of a deed of trust if the loan is assigned to a trust pool or Real Estate Mortgage Investment Conduit ("REMIC"). *See, e.g., Wadhwa v. Aurora Loan Servs., LLC*, No. 11-1784, 2011 WL 2681483, at *4 (E.D. Cal. July 8, 2011) (rejecting argument that "assignment of the note to a [REMIC] renders any interest in the property other than plaintiffs' somehow invalid"); *Hafiz v. Greenpoint Mortgage Funding, Inc.*, 652 F. Supp. 2d 1039, 1043 (N.D. Cal. 2009) (argument that "all defendants lost their power of sale pursuant to the deed of trust when the original promissory note was assigned to a trust pool" is "both unsupported and incorrect"); *Benham v. Aurora Loan Servs.*, No. 09-2059, 2009 WL 2880232, at *3 (N.D. Cal. Sept. 1, 2009) ("Other courts in this district have summarily rejected the argument that [lenders] lose their power of sale pursuant to the deed of trust when the original promissory note is assigned to a trust pool."). Here, the complaint does not allege claims against the banks or note holders, only against the purchaser of the property at the trustee's sale, NNO, and its attorneys.

defendants caused them to be deprived of a right secured by the Constitution and laws of the United States. *Brambila v. REO Bay Area, LP, et al.*, 2011 WL 4031142, *3 (N.D. Cal. Sept. 8, 2011) (citing *Howerton v. Gabica*, 708 F.2d 380 (9th Cir. 1983). As the court recognized in *Brambila*, "Section 1983 imposes liability only where a person acts 'under color' of a state 'statute, ordinance, regulation, custom, or usage.'" Even taking the allegations as true, the complaint fails to allege that Defendant NNO or the attorneys named here as Defendants acted under color of state law. To the extent that Damian alleges that Defendants' use of the unlawful detainer process in state court amounts to an act under color of law, *see* Compl. ¶ 22, the court adopts the reasoning set forth in *Brambila* to hold that an unlawful detainer suit does not constitute state action for purposes of Section 1983. *See Brambila*, 2011 WL 4031142 at *4 (citing *Haw v. Wash. Mut. Bank*, 2010 U.S. Dist. LEXIS 18277 (E.D. Cal. March 1, 2010)). Because the complaint fails to allege that any Defendants are state actors or acted under color of law, and amendment would be futile, the Section 1983 claim is dismissed with prejudice.

The complaint also alleges a claim for violation of the Fair Debt Collection Practices Act ("FDCPA") on the ground that "Defendants are now acting as debt collectors and have obtain [sic] a fraudulent eviction order to have my family and I illegally removed from our private property." Compl. ¶ 15. The FDCPA prohibits the use of abusive, deceptive, and unfair debt collection practices by "debt collectors," as defined by the statute. 15 U.S.C. § 1692(a). The term "debt collector" is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

Other than asserting a conclusory allegation that NNO and its attorneys are "acting as debt collectors," the complaint fails to demonstrate that Defendants are in the business of collecting debts. None of the actions by Defendants described in the complaint allegedly sought collection of debts owed to themselves or to another, but rather were related to Defendants' unlawful detainer action and eviction proceedings to gain possession of the property after purchasing the property at the trustee's sale. *See Brambila*, 2011 WL 4031142 at *5. Although Damian alleges that the

trustee's sale was fraudulent and that NNO and its attorneys "knew or should have known they did not acquire proper title," the allegations do not demonstrate that the named defendants acted as "debt collectors" within the meaning of the FDCPA. Further, because Damian has failed to prosecute his claims by failing to file an opposition to the motion to dismiss, respond to the court's order to show cause, appear at the hearing on the motion to dismiss, or otherwise demonstrate that additional allegations would support his FDCPA claim, granting leave to amend this claim appears to be futile. The FDCPA claim is therefore dismissed with prejudice.

### 2. State Law Claims

Having dismissed the claims under Section 1983 and the FDCPA, the court determines that the complaint fails to state any federal claims and presents no basis for federal question jurisdiction or for diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. The complaint alleges the following claims seeking relief under state law: wrongful foreclosure, slander of title, fraud/fraudulent conversion, conspiracy to defraud, illegal eviction, quiet title and other declaratory relief. The court declines to exercise supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(c), and the state law claims are therefore dismissed.

### III. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is GRANTED WITH PREJUDICE.

IT IS SO ORDERED.

Dated: April 25, 2012

DONNA M. RYU
United States Magistrate Judge